IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 05-00751 DAE-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STEVEN C. ARUDA, and | ) | |
| DESIREE ARUDA, individually and as | ) | |
| Vice President of | ) | |
| ADVANTAGE MECHANICAL | ) | |
| PLUMBING CONTRACTOR, INC., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

ORDER ACCEPTING IN PART AND VACATING IN PART
FINDINGS AND RECOMMENDATION
TO DENY PETITIONER'S MOTION FOR CONTEMPT AND
TO DENY PETITIONER'S MOTION TO STRIKE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the motions and supporting and opposing memoranda, the Court VACATES in part and ACCEPTS in part the Findings and Recommendation to Deny Petitioner's Motion for Contempt and to Deny Petitioner's Motion to Strike and holds Respondents Steven C. Aruda and Desiree Aruda, individually and as Vice President of Advantage Mechanical Plumbing Contractor, Inc. ("Respondents") in civil contempt of court.

On January 13, 2006, March 13, 2006, and May 15, 2006, Magistrate Judge Kevin S. Chang ("Magistrate Judge") heard Petitioner United States of America's ("Petitioner") Motion for Contempt and Motion to Strike, filed on December 8, 2005 and May 10, 2006, respectively.  After considering Petitioner's motions, the supporting and opposing memoranda, and the arguments of both counsel, the Magistrate Judge issued an Order Denying Petitioner's Motion for Contempt and Denying Petitioner's Motion to Strike on May 20, 2006.  On June 7, 2006, the Magistrate Judge issued a minute order to amend the previous order by issuing a Findings and Recommendation for review by this Court.  Petitioner filed its objections on June 8, 2006.  Respondents filed their Memorandum in Support of Magistrate Judge's Findings and Recommendations to Deny Petitioner's Motion for Contempt on June 19, 2006.

## BACKGROUND

The Internal Revenue Service ("IRS") is investigating Respondents' tax liabilities for the taxable years ending 2002, 2003, and 2004.  As part of its audit, the IRS requests documents relating to Respondents' involvement with foreign entities such as banks, trusts, and corporations.  The summoned documents include account applications, correspondence with the entities, and statements showing activity such as deposits, withdrawals, purchases, and sales.  Through its

Petition to Enforce IRS Summonses filed on April 18, 2005, Petitioner sought to enforce three summonses issued to Respondents on December 29, 2004.

Respondents failed to comply with the summons because they did not produce all the requested documents.  The parties agreed to dismiss the Petition to Enforce IRS Summonses if Respondents testified before the IRS agent assigned to the case, Gareth Alford ("Agent Alford"), and produced all documents requested in the summons.  On July 8, 2005, Respondents appeared before the IRS to provide testimony, but failed to produce all requested documents.

On August 25, 2005, the Court entered an order enforcing the IRS summonses served upon Respondents.  Respondents produced the documents requested in Agent Alford's original declaration.  (See Alford Dec., ¶ 8.)  However, the Court found that Respondents still had documents to produce relating to six companies Respondents dealt with.  (See Findings and Recommendation that the United States' Petition to Enforce IRS Summonses be Granted, 6.)  On December 8, 2005, Petitioner filed a Request for Entry of Order to Show Cause and Motion for Contempt based on Respondents' alleged failure to comply with the Court's order enforcing the IRS summonses.

## STANDARD OF REVIEW

Any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's case dispositive order, findings, or recommendations, the district court must make a *de novo* determination.  A *de novo* review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  U.S. Pac. Builders v. Mitsui Trust & Banking, 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).  While the district court need not hold a *de novo* hearing, the court is obligated to arrive at its own independent conclusion about those portions of the magistrate's findings or recommendation to which objections are made.  Id.

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'  The judge may also receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

DISCUSSION

I.     Civil Contempt of Court

Federal courts may enforce orders through holding parties in civil contempt. Spallone v. United States, 493 U.S. 265, 276 (1990). "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take *all reasonable steps* within the party's power to comply." Go-Video, Inc. v. Motion Picture Association of America, 10 F.3d 693, 695 (9th Cir. 1983) (emphasis added). However, a party should not be held in contempt when its action "appears to be based on a good faith and reasonable interpretation" of the order. Rinehart v. Brewer, 483 F. Supp. 165, 171 (S.D. Iowa 1980). Proof of civil contempt must be clear and convincing. United States v. Powers, 629 F.2d 619, 626 (9th Cir. 1980).

   A.     All Reasonable Efforts

The issue before the Court is whether Respondents fulfilled their "duty to make in good faith all reasonable efforts to comply" with the Court's order compelling the IRS summonses. United States v. Ryan, 402 U.S. 530, 534 (U.S. 1971). Respondents contacted the companies who possessed the requested documents via telephone, e-mail, fax, and mailing letters. In the communications, Respondents explained the IRS investigation and requested that the documents be

5

sent immediately.  Despite Respondents' attempts to contact the companies, no documents were recovered.

Petitioner cites cases in which the contemnors did not exercise "all reasonable efforts" when failing to obtain documents held by individuals who they did not deal with at arm's length.  See United States v. Seetapun, 750 F.2d 601 (7th Cir. 1984) (contemnor physician searched his offices and home and asked his wife for records); see United States v. Hayes, 722 F.2d 723 (11th Cir. 1984) (contemnor traveled to Switzerland to seek records from his business partner); see United States v. Eulich, 2004 U.S. Dist. LEXIS 16285 (N.D. Tex., Aug. 18, 2004) (contemnor established Bahamian trust and failed to produce documents from parties who likely had physical possession).

In the instant case, it appears that Respondents deal with the six entities at arm's length.  There are no personal relationships between Respondents and the entities.  The entities are third parties who can provide the requested documents.  Respondents argue that the ability to assert "leverage" upon the holder of the documents distinguishes Petitioner's cited cases from the instant case. (Resp.'s Memo. Re: "Reasonable Efforts, 3.)  However, an ability to leverage third parties is not the deciding factor in determining whether "all reasonable efforts" were exerted.

6

Petitioner states that the contemnors in the cited cases were "large sophisticated business owners, held an ownership interest in the companies from whom they needed to obtain the requested documents, and/or had some other 'special' relationship with the companies from whom they needed to obtain the requested documents is a red herring and should be rejected." (Pet.'s Obj. to Order Denying Pet.'s Mot. for Contempt and Denying Pet.'s Mot. to Strike, 10.) Respondents' status as a married couple owning a small business does not excuse them from exercising all reasonable efforts in complying with the Court's order. However, it should not be completely disregarded as Petitioner suggests.

Reasonable efforts may vary in light of the circumstances. What is reasonable for a large corporation with sizable resources may not be reasonable for an individual small business owner. Regardless, Respondents' actions in attempting to obtain the requested documents are not reasonable given their circumstances. Notwithstanding the Magistrate Judge's consideration of Respondents' "background, resources, and sophistication . . . and their relationship to the entities possessing the documents in determining what was reasonable," (Resp.'s Memo. in Supp. of Magistrate Judge's Findings and Recommendation to Deny Pet.'s Mot. for Contempt, 5) Respondents' actions fail to demonstrate that all reasonable efforts were exerted.

Respondents may have less "leverage" ability than the contemnors in Petitioner's cited cases, but this does not exempt them from at least determining their legal rights to the documents. Given their background and resources, it may not be reasonable for Respondents to travel overseas or sue the entities to recover the documents. However, Respondents were well aware of the fact that they needed to produce the requested documents under the Court's order to compel the IRS summons. Despite their phone, e-mail, fax, and letter mailing efforts to contact the six entities, Respondents failed to exercise "all reasonable efforts" since there remain additional reasonable measures Respondents can take.

At the least, Respondents can investigate their legal rights to the documents. See Eulich v. United States, 2004 U.S. Dist. LEXIS 16285, at *12 (contemnor "failed to exhaust all reasonable efforts to comply with the enforcement order because he did not file a lawsuit [in] the Bahamas or seek legal advice regarding the available avenues for obtaining the requested documents"). Although Respondents "used whatever information [Mrs. Aruda] could obtain from former counsel and the [IRS]" (Resp.'s Memo. in Supp. of Magistrate Judge's Findings & Recommendation to Deny Pet.'s Mot. For Contempt, 14) to contact the entities, this does not relieve Respondents from conducting their own Internet research, attempting to contact the individuals who initially referred them to the

entities, or consulting present counsel on how to comply with the summons. Given Respondents' initial discovery of some of the entities on the Internet (Sworn Statement of Desiree L. Aruda 106:21, July 8, 2005), Respondents could also conduct Internet research to determine whether the documents were available on the Internet or whether alternate means of contacting the entities existed. Furthermore, some of the requested documents were of the type ordinarily produced in the course of business, such as account applications, statements, and correspondences between Respondents and the entities. It is also suspect that Respondents mailed an application and payments to P.O. box addresses without knowing the identity of any agents or representatives of the company. (Id. at 56:3-4.)

        B.    <u>Sanctions</u>

Sanctions for civil contempt may be imposed to coerce obedience with the court order or compensate the moving party for injuries resulting from the contemptuous behavior. See <u>Gompers v. Bucks Stove & Range Co.</u>, 221 U.S. 418, 448-9 (U.S. 1911). The Court will not issue further sanctions for contempt of court, provided that Respondents immediately make all reasonable efforts to comply with the Court's Order Enforcing IRS Summonses. Respondents shall expend all reasonable efforts to produce the requested documents within 45 days

from the filing of this order. All reasonable efforts include, but are not limited to, investigating Respondents' legal rights to the requested documents, conducting an online search to determine the documents' availability and entities' accessibility on the Internet, or attempting to contact the individuals who initially referred them to the entities.

II.   Motion to Strike

As the Petitioner's objection and Respondents' memorandum focus on the findings and recommendation to deny Petitioner's Motion for Contempt, the Court ACCEPTS the portion of the findings and recommendation denying Petitioner's Motion to Strike.

CONCLUSION

Based upon the foregoing, the Court ACCEPTS in part and VACATES in part the findings and recommendations of the magistrate judge. The Court determines that there is clear and convincing evidence that Respondents failed to comply with the Court's order enforcing the Petitioner's Petition to

Enforce IRS Summonses and did not make all reasonable efforts to comply with it. Accordingly, the Court holds Respondents in civil contempt of court.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, July 19, 2006.



David Alan Ezra
United States District Judge

United States of America vs. Steven C. Aruda, and Desiree Aruda, Individually and as Vice President of Advantage Mechanical Plumbing Contractor, Inc., CV NO. 05-00751 DAE-KSC; ORDER ACCEPTING IN PART AND VACATING IN PART FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR CONTEMPT AND TO DENY PETITIONER'S MOTION TO STRIKE